IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK DEMICHELE,

    Plaintiff,

  v.

LOEWEN, INC.,

    Defendant.

No. C 12-00628 CRB

**ORDER REMANDING CASE**

This case is about the cost of a scheduling error. Plaintiff Frank DeMichele ("Plaintiff") originally filed this action in state court against Defendant Loewen, Inc. on September 21, 2011, alleging several state law claims arising out of the construction of Plaintiff's house. Hicks Decl. (dkt. 6) ¶ 2, Ex. A. After consultation with Defendant, and the grant of several extensions of time for response, Plaintiff agreed to amend his Complaint. Hicks Decl. ¶¶ 4-6. Plaintiff filed his First Amended Complaint on January 4, 2012, which added new claims under state and federal consumer laws. Id. ¶ 7. Defendant filed a Notice of Removal on February 8, 2012, two days after the deadline for such a filing. Plaintiff now moves for remand on the ground of the missed deadline, and Defendant asks for relief for the mistake under Rule 60(b). The Court GRANTS the motion to remand, but DENIES the Plaintiff's request for attorneys' fees.

## I.     FACTUAL BACKGROUND

Plaintiff filed this action in state court against Defendant on September 21, 2011. Hicks Decl. ¶ 2, Ex. A. Copies of the Summons and Complaint were personally served on CT Corporation, Defendant's designated agent for service of process, on September 22, 201. Id. ¶ 3, Ex. B, C. In October 2011, Defendant's attorney called Plaintiff's counsel to introduce herself and request an extension of time to respond to the complaint, to which Plaintiff's counsel agreed. Id. ¶ 4. In November 2011, Defendant's counsel sent Plaintiff a letter asserting that the Complaint was deficient in certain respects and asking if Plaintiff would agree to amend the Complaint. Defendant's counsel also requested an extension of time to respond to demand for production of documents. Plaintiff agreed to these requests. Id. ¶ 5. On December 12, 2011, Defendant responded to the demand for production and produced documents in response to that demand. Id. ¶ 6.

On January 4, 2012, Plaintiff filed his First Amended Complaint, which added new claims under state and federal consumer laws. Plaintiff served the First Amended Complaint by mail on Defendant's counsel on January 4, 2012. Id. ¶ 7, Ex. H. Defendant filed a Notice of Removal on February 8, 2012. Defendant concedes that the Notice of Removal should have been filed on February 6, 2012, which is 33 days from the date the complaint was mailed. Opp'n at 1.

Defendant states that as a standard practice of Defendant's attorney's office, after receiving any pleading the assistant calendars a response based on written guidelines provided to her. Opp'n at 2. The handling attorney receives a copy of the pleading only after the response time has been calendared, and this was the procedure followed in this matter. Id. When Defendant's counsel reviewed the amended complaint, she realized there were two new federal causes of action, and contacted Defendant to discuss whether it was interested in filing a Notice of Removal. Defendant is a corporate entity with its principal place of business in Canada. Defendant's counsel states that due to geographical and other limitations, a final decision regarding the Notice of Removal was not made until Friday, February 3, 2012.

2

Defendant's attorney then asked one of her associates to draft the Notice of Removal. When that associate determined he was unable to complete the task due to another assignment, he transferred the matter to another associate. The Notice of Removal was then filed on February 8, 2012, and from there on the limitations in the matter were changed from California to Federal Rules of Civil Procedure.

However, Defendant's attorney failed to inform her assistant on February 3, 2012, when the decision to file the Notice of Removal was made, that the limitation should be changed to the federal limitations. Thus, the limitation for the Notice of Removal remained set pursuant to California Code of Civil Procedure, and the associate prepared the Notice pursuant to the calendared time limit of February 8, 2012. Defendant's attorney failed to notice the oversight. Due to this mistake, the Notice of Removal was filed two days late. Plaintiff then filed a Motion to Remand based on the delayed filing of the Notice. Dkt. 5.

## II.  LEGAL STANDARD

The removal statutes are strictly construed against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removal statute states that:

> (1) The Notice of Removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> (2) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Federal Rule of Civil Procedure 60(b) provides that on a motion the court may relief a party or its legal representative from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; . . ." or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,"

3

United States District Court
For the Northern District of California

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394 (1993), and can include "omissions caused by carelessness," id. at 388. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. To determine when neglect is excusable, the Court conducts the equitable analysis specified in Pioneer by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Lemoge v. United States, 587 F.3d 1188, (9th Cir. 2009) (citing Pioneer, 507 U.S. at 395). Although Pioneer involved excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b), in Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997), the Ninth Circuit concluded that the Pioneer standard governs analysis of excusable neglect under Rule 60(b)(1).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations omitted). A party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Id. (internal quotations omitted).

**III. DISCUSSION**

Defendant concedes that the Notice of Removal was filed two days late and does not conform with the dictates of 28 U.S.C. § 1446(b)(1) and (3). Opp'n at 1. Plaintiff argues the issue should end there, and the Motion to Remand should be granted. See Mot. at 4-7, Reply (dkt. 11) at 2. Plaintiff also requests attorneys' fees and costs for the filing of the Motion to Remand. Mot. at 7. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Defendant argues the Court should exercise its discretion under Rule 60(b)

4

because the missed deadline was the result of excusable neglect, and that all the Pioneer factors are satisfied. Neither side points to any case where the district court has used Rule 60(b) or its principles to excuse an untimely Notice of Removal, nor has the Court found any. Moreover, as Plaintiff points out, the Rule 60(b) argument is procedurally improper, as the Rule provides that "on motion" the court may relieve a party of a final judgment order or proceeding, and this argument was made in an opposition here.

### A. Motion to Remand

"The purpose of the 30-day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982).

Failure to comply with the thirty-day time limitation renders the removal procedurally defective. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). The statutory time limit for removal petitions is mandatory. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980). The time limits cannot be extended by continuance or stipulation. Lewis v. City of Fresno, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. & Supp. 2008) ("the decided cases make it clear that these statutory periods will not be extended by the district court continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders"). In general, the courts appear to disregard the untimeliness of a filing only in cases of waiver or estoppel. See, e.g., Meadows v. Bicrodyne Corp., 559 F. Supp. 57, 57 (N.D. Cal. 1983); Exhumation of Lewis, 999 F. Supp. 1066, 1072 (M.D. Tenn. 1988) Neither is present here.

Moreover, in two factually similar cases where the Notice of Removal was filed two days late, the Courts granted the Motions to Remand. See Student A. By and Through

1  Mother of Student A v. Metcho, 710 F. Supp. 267, 268-69 (N.D. Cal. 1989) (Schwarzer, J.)
2  (finding notice of removal untimely because filed two days late due to use of California
3  Procedural Rules to calculate the deadline, remanding even though motion to remand
4  untimely because defendants did not object, and "there is a well-settled presumption in favor
5  of remand"); Thomas v. Baldwin, 189 F. Supp. 2d 1, (E.D.N.Y. 2002) (granting motion to
6  remand because notice of removal filed two days late, and finding no estoppel despite some
7  settlement negotiations during the thirty day time period, particularly since "defendant have
8  the burden of proof on removal and that any doubts on the subject must be resolved against
9  them").
10     The Court has found two cases where courts have excused untimeliness outside of the
11 parameters of waiver or estoppel, but both involved the defendants missing the deadline due
12 to forces outside their control, or pure technical errors. Here, while an inadvertent error, the
13 facts to not rise to this level. See Grover v. Comdial Corp., 275 F. Supp. 2d 750 (W.D. Va.
14 2003) (accepting defendant's removal as timely based on defendant's good faith attempt to
15 timely file the notice of removal where its attempt was thwarted by the courthouse closing
16 due to bad weather); Total Energy Corp. v. Stolt, 334 F. Supp. 2d 413 (S.D.N.Y. 2004)
17 (declining to remand, exercising discretion to excuse non-compliance with local rule, where
18 defendants attempted to file removal notice within 30-day period, court clerk rejected
19 removal notice for non-compliance with local rule requiring particular cover sheet, and
20 defendants re-submitted removal notice promptly upon receiving it back from clerk and filed
21 it only six days beyond the 30-day removal period). The Defendant here has not met such a
22 standard, and the Court GRANTS the motion to remand.

23     **B.     Motion for Attorneys' Fees**

24     Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of
25 "just costs and any actual expenses, including attorney fees, incurred as a result of removal."
26 Plaintiff argues he has incurred fees and costs totaling $8,330.00 in connection with the
27 Motion to Remand, and requests an award of fees in this amount. Defendant argues the
28 Court should not award fees because it had an objectively reasonable basis for removal.

6

"[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision to afford Defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

Defendant argues that attempting to remove the case on the basis of the federal causes of action was indisputably reasonable. Moreover, Defendant argues it has acted in good faith, and Defendant's counsel simply made a mistake in calculating the deadline for filing the Notice. Plaintiff responds that since Defendant concedes the Notice was not timely, there was no reasonable basis for filing it late. Defendant's inadvertent mistake rising to the level of unusual circumstances. The presence of federal causes of action was certainly an objectively reasonable basis for removal. The mistake was not made in bad faith. Moreover, while the Court does not do so here, some courts have forgiven delays and allowed cases to remain in federal court. Thus, it was not objectively unreasonable for the Defendants to fight the Motion to Remand after realizing the delay in filing the Notice of Removal. Accordingly, the Court DENIES the request for attorneys' fees and costs.

## IV. CONCLUSION

For the forgoing reasons the Court GRANTS the Motion to Remand but DENIES the request for attorneys' fees. This case is hereby REMANDED to the Superior Court of the State of California, County of Sonoma.

**IT IS SO ORDERED.**

Dated: June 1, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE